Nicholas J. Neidzwski, OSB No. 172584
Gordon T. Carey, Jr., OSB No. 771331
Anderson Carey Williams & Neidzwski
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone:    (360) 671-6711
Fax:             (360) 647-2943
E-mail:         nick@boatlaw.com
        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JONATHAN CABADING**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE PORT OF PORTLAND**, an Oregon municipal corporation and port district of the State of Oregon, *in personam*, **KINDER MORGAN OPERATING L.P. "C"**, a Texas limited partnership, *in personam*, **KINDER MORGAN BULK TERMINALS, LLC**, a Texas limited liability company, *in personam*; **G2 OCEAN AS**, a foreign corporation, *in personam*; **EAGLE SHIP MANAGEMENT CO., LTD.**, a foreign corporation, *in personam*; **INTERSKY SHIPPING CORP.**, a foreign corporation, *in personam*; **OKOUCHI KAIUN KK**, a foreign corporation, *in personam*;<br><br>Defendants. | Case No.:<br><br>**SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES**<br><br>**(GENERAL MARITIME NEGLIGENCE, GENERAL MARITIME GROSS NEGLIGENCE, JONES ACT NEGLIGENCE, UNSEAWORTHINESS, MAINTENANCE, CURE, AND UNEARNED WAGES)**<br><br>**DEMAND FOR JURY TRIAL** |

PAGE 1 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR
DAMAGES FOR PERSONAL INJURIES AND DEMAND
FOR JURY TRIAL

## GENERAL ALLEGATIONS

1.      Plaintiff Jonathan Cabading ("Plaintiff") has at all material times been a seaman, and elects to bring this action pursuant to the provisions of 28 U.S.C. § 1916 without prepayment of fees and costs and without deposit of security therefor.

2.      This action is brought under the admiralty and maritime law as modified by the Jones Act, 46 U.S.C. § 30104, *et seq.*, the General Maritime Law, and all other applicable statutes and laws.  This Court has jurisdiction pursuant to 46 U.S.C. § 30104, 28 U.S.C. § 1331, 28 U.S.C. § 1333, and 28 U.S.C. § 1367.  Pursuant to 28 U.S.C. § 1332, there is also complete diversity between Plaintiff, KINDER MORGAN OPERATING L.P. "C", KINDER MORGAN BULK TERMINALS, LLC, and THE PORT OF PORTLAND, and the amount in controversy exceeds the jurisdictional limit of $75,000.

3.      This action is not subject to rule 9(h), FRCP.

4.      Plaintiff is an individual residing in the Philippines.

5.      At all material times, defendant THE PORT OF PORTLAND was and is a municipal corporation and port district of the state of Oregon, which owns, *inter alia*, marine facilities including docks and wharfs in Portland, Oregon, including Berths 410/411 at Terminal 4.

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711 - Fax (360) 647-2943

6.     At all material times, KINDER MORGAN OPERATING L.P. "C" and KINDER MORGAN BULK TERMINALS, LLC (hereinafter collectively referred to as "KINDER MORGAN") were a Texas partnership and company doing business in Oregon. KINDER MORGAN leased Terminal 4 from THE PORT OF PORTLAND.

7.     At all material times, defendants KINDER MORGAN and THE PORT OF PORTLAND managed, operated, and controlled Terminal 4, including Berths 410/411, in Portland, Oregon.

8.     At all material times, Defendants G2 OCEAN AS, EAGLE SHIP MANAGEMENT CO., LTD., INTERSKY SHIPPING CORP., and OKOUCHI KAIUN KK (hereinafter collectively referred to as "Defendant Vessel Interests") are foreign corporations or limited liability companies doing business in Portland, Oregon and the United States, and were in the business of owning, operating and/or managing ocean-going cargo vessels.  At all material times, Defendant Vessel Interests owned, operated, manned, controlled, and/or managed the M/V PUFFIN ARROW (hereinafter the "vessel"), IMO No. 9566605.

9.     At all material times, the vessel was an ocean going cargo vessel operating upon the coastal waters and high seas and home-ported and registered in Panama.  The vessel operated and did business in Portland, Oregon and the United States.

10.     At all material times, Plaintiff was in the employ of Defendant Vessel Interests as a seaman and member of the crew in the service of the vessel.

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

11.    At all material times, Plaintiff was a business invitee of defendants KINDER MORGAN and THE PORT OF PORTLAND.

12.    On June 19, 2019, while the vessel was shifting at Berths 410/411 at Terminal 4 in Portland, Oregon, Plaintiff was severely injured aboard the vessel when a mooring line became caught or pinched between the dock and the vessel and thereafter snapped up, striking Plaintiff and causing him various severe injuries and trauma, including, but not limited, to Plaintiff's face, mouth, teeth, head, and chest.

### FIRST CLAIM:
### GENERAL MARITIME NEGLIGENCE AND GROSS NEGLIGENCE
### Against THE PORT OF PORTLAND

13.    Plaintiff realleges and incorporates by reference paragraphs 1 through 12 set forth above.

14.    On and before June 19, 2019, THE PORT OF PORTLAND had actual or constructive knowledge that damaged/dislodged fender pile polyethylene sheathing, plastic, wood, and/or other damaged/dislodged materials at the docks at Terminal 4, including at Berths 410/411, were causing mooring lines to become caught or pinched.

15.    On and before June 19, 2019, THE PORT OF PORTLAND had actual or constructive knowledge of other individuals injured due to mooring lines becoming caught or pinched at Terminal 4, including at Berths 410/411.

16.    On and before June 19, 2019, THE PORT OF PORTLAND had actual or constructive knowledge of the need of immediate replacement or repair to various sections of Berths 410/411 at Terminal 4, including replacement and/or repair of the

PAGE 4 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 · Fax (360) 647-2943

damaged/dislodged fender pile polyethylene sheathing, plastic, wood, and/or other damaged/dislodged materials.

17.     On and before June 19, 2019, THE PORT OF PORTLAND had actual or constructive knowledge of various dangers, including of serious physical injury or death, arising from mooring lines becoming caught or pinched at Terminal 4, including at Berths 410/411.  This knowledge of various dangers at Berths 410/411 included the knowledge that damaged/dislodged materials can cause a mooring line to become fouled and then break free with immense force.

18.     This condition of a mooring line becoming caught or pinched at Terminal 4 and specifically at Berths 410/411 on June 19, 2019 (hereafter referred to as the "subject condition") caused Plaintiff's incident and resulting injuries.

19.     On and before June 19, 2019, THE PORT OF PORTLAND had actual or constructive knowledge of the various dangers, including of serious physical injury or death, due to the poor and/or damaged condition of the docks at Terminal 4, including at Berths 410/411.

20.     Despite the above actual or constructive knowledge, THE PORT OF PORTLAND did not take adequate actions on or before June 19, 2019, to repair or replace the various sections of the docks at Terminal 4, including at Berths 410/411, which were in poor and/or damaged condition.

PAGE 5 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

21.    THE PORT OF PORTLAND owed a duty to Plaintiff to use due and reasonable care and caution in the operation, instructions, warnings, maintenance, and use of Terminal 4, including Berths 410/411.

22.    At all material times, THE PORT OF PORTLAND knew of, or by the exercise of reasonable care would have discovered, the subject condition which caused injuries to Plaintiff, and should have realized that the subject condition involved an unreasonable risk of harm to Plaintiff.

23.    At all material times, THE PORT OF PORTLAND should have expected that Plaintiff would not discover or realize the subject condition or would not be able to protect himself against it.

24.    THE PORT OF PORTLAND failed to exercise reasonable care to protect Plaintiff against the subject condition and was further negligent in, among other things:

a) failing to adequately maintain Terminal 4 and specifically Berths 410/411;

b) failing to request repairs and repair damaged sections of the docks and items at Terminal 4, and specifically at Berths 410/411, including, but not limited to, failing to request repairs and repair damaged fender pile polyethylene sheathing, fenders, plastic, and sections of wood;

c) failing to request replacements and replace damaged sections of the docks and items at Terminal 4, and specifically at Berths 410/411, including, but not limited to, failing to request replacements and replace

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

damaged fender pile polyethylene sheathing, fenders, plastic, and sections of wood;

d) failing to adequately inspect Terminal 4, including Berths 410/411;

e) failing to warn Plaintiff of impending dangers and of the subject condition;

f) failing to promulgate and enforce proper and safe rules of terminal operation at Terminal 4, including at Berths 410/411;

g) causing the vessel to be negligently positioned and secured during mooring;

h) causing the vessel to be negligently shifted;

i) causing the subject condition;

j) failing to warn against the subject condition;

k) failing to remedy the subject condition;

and otherwise acted so negligently as to cause a mooring line to snap up and strike Plaintiff, causing Plaintiff to sustain severe injuries, *inter alia*, to his face, mouth, teeth, head, and chest.

25.    The above conduct of THE PORT OF PORTLAND demonstrated both a slight and extreme departure from reasonable care, in addition to a conscious awareness of the risks of harm.

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

26.     In addition to being negligent as set forth above, this conduct of THE PORT OF PORTLAND was grossly negligent and this gross negligence caused the June 19, 2019 incident and resulting injuries to Plaintiff.

27.     As a result of the incident, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

28.     As a further result of the incident, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future.  The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

29.     As a further result of the incident, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

PAGE 8 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

**SECOND CLAIM:**
**GENERAL MARITIME NEGLIGENCE AND GROSS NEGLIGENCE**
**Against KINDER MORGAN**

30.    Plaintiff realleges and incorporates by reference paragraphs 1 through 29 set forth above.

31.    On and before June 19, 2019, KINDER MORGAN had actual or constructive knowledge that damaged/dislodged fender pile polyethylene sheathing, plastic, wood, and/or other damaged/dislodged materials at the docks at Terminal 4, including at Berths 410/411, were causing mooring lines to become caught or pinched.

32.    On and before June 19, 2019, KINDER MORGAN had actual or constructive knowledge of other individuals injured due to mooring lines becoming caught or pinched at Terminal 4, including at Berths 410/411.

33.    On and before June 19, 2019, KINDER MORGAN had actual or constructive knowledge of the need of immediate replacement or repair to various sections of Berths 410/411 at Terminal 4, including replacement and/or repair of the damaged/dislodged fender pile polyethylene sheathing, plastic, wood, and/or other damaged/dislodged materials.

34.    On and before June 19, 2019, KINDER MORGAN had actual or constructive knowledge of various dangers, including of serious physical injury or death, arising from mooring lines becoming caught or pinched at Terminal 4, including at Berths 410/411.

PAGE 9 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR
DAMAGES FOR PERSONAL INJURIES AND DEMAND
FOR JURY TRIAL

35.     On and before June 19, 2019, KINDER MORGAN had actual or constructive knowledge of the various dangers, including of serious physical injury or death, due to the poor and/or damaged condition of the docks at Terminal 4, including at Berths 410/411.  This knowledge of dangers at Berths 410/411 included the knowledge that damaged/dislodged materials can cause a mooring line to become fouled and then break free with immense force.

36.     Despite the above actual or constructive knowledge, KINDER MORGAN did not take adequate actions on or before June 19, 2019, to repair or replace the various sections of the docks at Terminal 4, including at Berths 410/411, which were in poor and/or damaged condition.

37.     KINDER MORGAN owed a duty to Plaintiff to use due and reasonable care and caution in the operation, instructions, warnings, maintenance, and use of Terminal 4, including Berths 410/411.

38.     At all material times, KINDER MORGAN knew of, or by the exercise of reasonable care would have discovered, the subject condition which caused injuries to Plaintiff, and should have realized that the subject condition involved an unreasonable risk of harm to Plaintiff.

39.     At all material times, KINDER MORGAN should have expected that Plaintiff would not discover or realize the subject condition or would not be able to protect himself against it.

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

40.    KINDER MORGAN failed to exercise reasonable care to protect Plaintiff against the subject condition and was further negligent in, among other things:

a) failing to adequately maintain Terminal 4 and specifically Berths 410/411;

b) failing to request repairs and repair damaged sections of the docks and items at Terminal 4, and specifically at Berths 410/411, including, but not limited to, failing to request repairs and repair damaged fender pile polyethylene sheathing, fenders, plastic, and sections of wood;

c) failing to request replacements and replace damaged sections of the docks and items at Terminal 4, and specifically at Berths 410/411, including, but not limited to, failing to request replacements and replace damaged fender pile polyethylene sheathing, fenders, plastic, and sections of wood;

d) failing to adequately inspect Terminal 4, including Berths 410/411;

e) failing to warn Plaintiff of impending dangers;

f) failing to promulgate and enforce proper and safe rules of terminal operation at Terminal 4, including at Berths 410/411;

g) causing the vessel to be negligently positioned and secured during mooring;

h) causing the vessel to be negligently shifted;

i) causing the subject condition;

PAGE 11 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

ANDERSON CAREY
WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

j) failing to warn against the subject condition;

k) failing to remedy the subject condition;

and otherwise acted so negligently as to cause a mooring line to snap up and strike Plaintiff, causing Plaintiff to sustain severe injuries, *inter alia*, to his face, mouth, teeth, head, and chest.

41.     The above conduct of KINDER MORGAN demonstrated both a slight and extreme departure from reasonable care, in addition to a conscious awareness of the risks of harm.

42.     In addition to being negligent as set forth above, this conduct of KINDER MORGAN was grossly negligent and this gross negligence caused the June 19, 2019 incident and resulting injuries to Plaintiff.

43.     As a result of the incident, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

44.     As a further result of the incident, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future.  The cost and reasonable value of the health care services received

PAGE 12 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR
DAMAGES FOR PERSONAL INJURIES AND DEMAND
FOR JURY TRIAL

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 · Fax (360) 647-2943

and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

45.    As a further result of the incident, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

**THIRD CLAIM:**
**JONES ACT NEGLIGENCE**
**Against Defendant Vessel Interests**

46.    Plaintiff realleges and incorporates by reference paragraphs 1 through 45 set forth above.

47.    On June 19, 2019, while Plaintiff was engaged in the course of his duties in the service of the vessel, Defendant Vessel Interests were negligent in, among other things:

      a) causing, allowing, and permitting the vessel and her appurtenances to be operated in such a manner as to unreasonably endanger Plaintiff's safety;

      b) causing, allowing, and permitting the vessel and her appurtenances to be in a dangerous, defective and hazardous condition;

      c) failing to warn Plaintiff of impending dangers;

      d) failing to provide a seaworthy vessel and a safe method of operation;

      e) failing to provide Plaintiff with a safe place in which to work;

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

f) failing to promulgate and enforce proper and safe rules of

seamanship in the supervision and conduct of the work;

g) failing to provide sufficient and competent officers and co-employees;

h) failing to supply proper gear and equipment, and to inspect and maintain

the same in proper order;

i) failing to provide proper, adequate, and safe mooring lines to safely moor

and shift the vessel;

j) asking Plaintiff to look over the starboard side of the vessel when the

Captain of the vessel knew, or should have known, that a line was caught or

pinched;

k) failing to adequately inspect the mooring lines used for the vessel,

including, but not limited to, failing to make sure the mooring lines were

taut;

l) failing to provide sufficient men to safely moor and shift the vessel;

m) failing to warn Plaintiff and others of the risks during mooring and

shifting of the vessel;

n) negligently positioning and securing the vessel during mooring and

shifting, including, but not limited to, negligently configuring the mooring

lines for the vessel during mooring and shifting;

o) failing to protect Plaintiff from injuries during mooring and shifting of

the vessel;

PAGE 14 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR
DAMAGES FOR PERSONAL INJURIES AND DEMAND
FOR JURY TRIAL

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

p) overworking Plaintiff and other crew during and before mooring and shifting of the vessel;

q) causing the subject condition;

r) failing to warn against the subject condition;

s) failing to remedy the subject condition;

and otherwise acted so negligently as to cause a mooring line to snap up and strike Plaintiff, causing Plaintiff to sustain severe injuries, *inter alia*, to his face, mouth, teeth, head, and chest.

48.    As a result of the incident, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

49.    As a further result of the incident, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future.  The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

50.     As a further result of the incident, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

### FOURTH CLAIM:
### <u>UNSEAWORTHINESS</u>
### Against Defendant Vessel Interests

51.     Plaintiff realleges and incorporates by reference paragraphs 1 through 50 set forth above.

52.     On June 19, 2019, while Plaintiff was engaged in the course of his duties in the service of the vessel, the vessel was unseaworthy in that, among other things:

a) the vessel and her appurtenances were being operated in such a manner as to unreasonably endanger Plaintiff's safety;

b) the vessel and her appurtenances were in a dangerous, defective and hazardous condition;

c) the place where Plaintiff was required to work was unsafe;

d) sufficient and competent officers and co-employees were lacking;

e) sufficient and safe gear and equipment in proper working order were lacking;

f) work in progress was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision;

PAGE 16 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 · Fax (360) 647-2943

g) the mooring lines used for the vessel were not sufficient, proper,

adequate, and safe to moor and shift the vessel;

h) the mooring lines used for the vessel were not safely and adequately

inspected, handled, maintained, repaired, and/or replaced;

and the vessel was otherwise so unseaworthy as to cause a mooring line to snap up and

strike Plaintiff, causing Plaintiff to sustain severe injuries, *inter alia*, to his face, mouth,

teeth, head, and chest.

## FIFTH CLAIM:
## MAINTENANCE, CURE, AND UNEARNED WAGES
### Against Defendant Vessel Interests

53.    Plaintiff realleges and incorporates by reference paragraphs 1 through 52

set forth above.

54.    On June 19, 2019, Plaintiff became injured and disabled while in the

service of the vessel.

55.    Upon Plaintiff becoming injured and disabled as aforesaid, it became the

duty of Defendant Vessel Interests to apprise Plaintiff of his right to seamen's benefits

and to pay Plaintiff his maintenance and cure, as well as his wages to the end of the

period of employment for which Plaintiff was engaged, but Defendant Vessel Interests

unreasonably and callously neglected to do so, despite knowledge of Plaintiff's

continuing disability.

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

56.    Plaintiff is entitled to maintenance and cure on a continuing basis until such time as he reaches maximum medical improvement.  Plaintiff's injuries required, and will in the future require, medical care.

57.    By reason of the premises, Plaintiff has been damaged in sums according to proof for past and future maintenance and cure, and unearned wages, the precise amounts of which are presently unascertained, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

58.    By reason of said wrongful and willful disregard of Plaintiff's right to maintenance, cure, and unearned wages, Plaintiff was forced to engage the services of counsel and has incurred and will continue to incur attorneys' fees and expenses for which Plaintiff is entitled to recover.

**WHEREFORE, Plaintiff prays for judgment as follows:**

**Against THE PORT OF PORTLAND as follows:**

1.    For general damages according to proof;

2.    For all expenses, past and future, for health care providers according to proof;

3.    For all loss of income, past and future, according to proof;

4.    For punitive damages according to general maritime law;

5.    For prejudgment interest according to general maritime law;

6.    For Plaintiff's costs of suit incurred herein; and

7.    For such other and further relief as this Court deems just.

PAGE 18 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR
DAMAGES FOR PERSONAL INJURIES AND DEMAND
FOR JURY TRIAL

**Against KINDER MORGAN (KINDER MORGAN OPERATING L.P. "C" and KINDER MORGAN BULK TERMINALS, LLC) as follows:**

1.   For general damages according to proof;

2.   For all expenses, past and future, for health care providers according to proof;

3.   For all loss of income, past and future, according to proof;

4.   For punitive damages according to general maritime law;

5.   For prejudgment interest according to general maritime law;

6.   For Plaintiff's costs of suit incurred herein; and

7.   For such other and further relief as this Court deems just.

**Against Defendant Vessel Interests (G2 OCEAN AS, EAGLE SHIP MANAGEMENT CO., LTD., INTERSKY SHIPPING CORP., and OKOUCHI KAIUN KK) as follows:**

1.   For general damages according to proof;

2.   For all expenses, past and future, for health care providers according to proof;

3.   For all loss of income, past and future, according to proof;

4.   For maintenance, cure, and unearned wages according to proof;

5.   For reasonable attorneys' fees and expenses;

6.   For punitive damages according to proof;

7.   For prejudgment interest according to general maritime law;

8.   For Plaintiff's costs of suit incurred herein; and

9.   For such other and further relief as this Court deems just.

PAGE 19 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 – Fax (360) 647-2943

DATED this 25th day of February, 2020.

ANDERSON CAREY WILLIAMS & NEIDZWSKI

Nicholas J. Neidzwski, OSB No. 172584
Anderson Carey Williams & Neidzwski
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone:   360-671-6711
Fax:             360-647-2943
E-mail:         nick@boatlaw.com
                    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Jonathan Cabading, hereby demands trial by jury of the above-captioned case.

DATED this 25th day of February, 2020.

ANDERSON CAREY WILLIAMS & NEIDZWSKI

Nicholas J. Neidzwski, OSB No. 172584
Anderson Carey Williams & Neidzwski
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone:    360-671-6711
Fax:          360-647-2943
E-mail:       nick@boatlaw.com
              Attorneys for Plaintiff

PAGE 21 – SEAMAN'S COMPLAINT *IN PERSONAM* FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL